UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:03CV-P158-J

**THOMAS ALEXANDER**                                                                                      **PLAINTIFF**

v.

**CHRISTIAN COUNTY JAIL**                                                         **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Thomas Alexander is an inmate currently confined in the Christian County Jail. He initiated this civil action charging the Christian County Jail with medical neglect. Because this Court lacks jurisdiction over his complaint, it will be dismissed. However, because the Court is concerned about the seriousness of Plaintiff's allegations, it will provide him with the requisite forms and instructions should he decide to seek relief pursuant to the applicable civil rights statute.

**I. SUMMARY OF CLAIMS**

Plaintiff claims that on September 9, 2001, he had a heart attack and was placed on "special medication." Since his transfer to the Christian County Jail, however, he has been taken off this particular medication and placed on "Pepsid AC because they did not want to pay the $500 per month I need." He also complains that his venereal warts were to be removed but that such has not been done. As a result "they are swelled up & bleeding."

**II. ANALYSIS**

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. The factual and legal allegations of the

complaint appear to concern state law negligence/malpractice issues. However, nothing in the complaint establishes a basis of federal jurisdiction (*e.g.*, diversity of citizenship or federal question). Therefore, this Court lacks subject matter jurisdiction over the instant dispute, *see generally*, 28 U.S.C. §§ 1330-1364, and this matter must be dismissed.

However, in dismissing Plaintiff's civil action, the Court is not saying that it is not concerned about his situation. Rather, it is merely stating that Plaintiff's complaint failed to establish that the Court has jurisdiction over these particular allegations. Prisoners may seek relief from the federal courts when they believe that the institution's officials have violated their constitutional rights. Such claims are brought pursuant to 42 U.S.C. § 1983 ("§ 1983"). For example, if an inmate believes that he has been deprived of adequate medical treatment for a serious medical need, he may file a civil rights action under § 1983, claiming that an official has been deliberately indifferent to those needs in violation of the inmate's Eighth Amendment right to be free from the infliction of cruel and unusual punishment. The Court will direct the clerk to provide Plaintiff with the appropriate forms should he decide to initiate such an action in the future.

On the form Complaint, a prisoner will be asked to state whether he is suing a defendant in his/her "individual capacity" or "official capacity" or in both capacities. To illustrate the difference, when an inmate sues someone in his/her "individual capacity" for monetary relief, he is asking the Court to make that person pay money from his/her own funds because of something he did or did not do that violated the inmate's constitutional rights. By contrast, when an inmate sues someone in an "official capacity" for monetary relief, even though the inmate names the person, the law views the claim as being brought only against the person's employer, which is

usually a city, county or state. Thus, when an inmate sues someone in his/her "official capacity," he is asking the Court to make a city, county or state pay money because the city, county or state caused the constitutional violation. An inmate may sue someone in both capacities – he does not have to choose one or the other. Plaintiff should keep these instructions in mind in the event that he seeks to file a § 1983 claim in the future.

The Court will enter an Order consistent with this Opinion.

This 5th day of December, 2003.

EDWARD H. JOHNSTONE
SENIOR JUDGE, U.S. DISTRICT COURT

cc:  Plaintiff *pro se*
     Jailer, Christian County Jail
     Christian County Attorney
     4408.002

ENTERED
DEC -5 2003
JEFFREY A. APPERSON, CLERK
BY
DEPUTY CLERK